## AMERICAN LOAN & MORTGAGE CO. v. BANGLE.

(Court of Civil Appeals of Texas. Austin. Jan. 22, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 444*)— ACTIONS AGAINST ADMINISTRATORS — BURDEN OF PROOF.

Rev. St. 1895, art. 1265, providing that an answer setting up specified matters must be verified, does not require an administratrix made a defendant in her representative capacity, in an action on a note executed by the intestate and to foreclose a vendor's lien, to deny under oath that she is administratrix; but plaintiff must prove that she is administratrix to entitle him to a judgment against her in her representative capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1813–1817, 1837–1841; Dec. Dig. § 444.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by the American Loan & Mortgage Company against Mrs. F. F. Bangle, community administratrix of J. A. Bangle, deceased. From a judgment for defendant, plaintiff appeals. Affirmed.

W. R. Boyd, of Teague, for appellant. R. L. Williford, of Fairfield, for appellee.

### Findings of Fact.

JENKINS, J. On April 4, 1907, the Valley Route Town Site & Loan Company sold and conveyed to J. A. Bangle lot 17 in block 78 in Teague, Freestone county, in consideration of his three vendor's lien notes for $87.50 each, payable one, two, and three years after date. This suit was brought on the last of said notes and to foreclose said lien. On July 18, 1910, said Town Site Company, by its president, W. E. Richards, executed a release of the note herein sued on, and the vendor's lien retained by virtue of same. Appellee pleaded payment of said note and release of said lien. The appellant herein was the owner of said note for a valuable consideration before maturity at the time of the execution of said release. Appellee was sued only as the administratrix of the community estate of herself and her deceased husband, J. A. Bangle. Upon the trial of the cause no evidence was offered to show that she was such administratrix, and no evidence that she was the wife of J. A. Bangle, and no evidence, except by innuendo, that said J. A. Bangle was dead. There was a verdict and judgment for the defendant.

### Opinion.

Appellant assigns error upon the fourth paragraph of the charge given by the court, as follows: "Unless you believe from a preponderance of the evidence in this case that Mrs. F. F. Bangle has been proven to be the duly appointed and qualified community administratrix of the estate of herself and J. A. Bangle, deceased, you will find for the defendant." The contention of appellant is

that appellee was required by article 1265, R. S. 1895, to deny under oath that she was such administratrix. We do not so construe said article. Under the pleadings in this case, no judgment could be rendered against Mrs. Bangle personally, because no such judgment was asked; and plaintiff was not entitled to a judgment against her as the representative of the community estate of J. A. Bangle, deceased, unless the proof showed that she was such representative. Such being the case, no other judgment could have been rendered than that which was rendered, and hence the other assignments of error become immaterial.

For the reason above given, the judgment of the court below is affirmed.

Affirmed.